Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Jason I. Bluver, State Bar No. 281784
jib@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile:  (949) 851-1212

Attorneys for Defendants CVS PHARMACY INC.
(also erroneously sued as CAREMARK PHARMACY INC.)
and CVS HEALTH CORPORATION (erroneously sued
as CVS Health Inc.)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK APPELZOLLER,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY INC., CAREMARK PHARMACY INC., CVS/CAREMARK, CVS HEALTH INC, and DOES 1 THROUGH 10,<br><br>Defendants. | Case No. 8:20-cv-00732<br><br>[Orange County Superior Court Case No. 30-2019-01120048-CU-WT-CJC]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441** |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF DERRICK APPELZOLLER AND HIS COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that CVS PHARMACY INC. (also erroneously sued as CAREMARK PHARMACY INC.) and CVS HEALTH CORPORATION (erroneously sued as CVS Health Inc.) hereby remove this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California, on the following grounds:

PETITION AND NOTICE OF REMOVAL

# I. INTRODUCTION

1. This Court has jurisdiction over this action because complete diversity exists between Plaintiff Derrick Appelzoller ("Plaintiff") and Defendants CVS Pharmacy, Inc. and CVS Health Corporation (collectively "CVS").

2. Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of his Complaint.

3. CVS Pharmacy, Inc. is now, and was at the time this action was commenced, a citizen of the State of Rhode Island within the meaning of 28 U.S.C. section 1332. At all material times, CVS Pharmacy, Inc. was organized under the laws of the State of Rhode Island, and at all material times maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island.

4. CVS Health Corporation is now, and was at the time this action was commenced, a citizen of the States of Delaware and Rhode Island within the meaning of 28 U.S.C. section 1332. At all material times, CVS Health Corporation was organized under the laws of the State of Delaware, and at all material times CVS Health Corporation has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island.

5. Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of CVS's receipt of a document (the "Complaint") where diversity of citizenship is apparent.

# II. THE STATE COURT ACTION

7. On or about December 23, 2019, Plaintiff filed an action against CVS titled "DERRICK APPELZOLLER, Plaintiff, vs. CVS PHARMACY INC., CAREMARK PHARMACY INC., CVS/CAREMARK, CVS HEALTH INC., and DOES 1 THROUGH 10, Defendants" in the Superior Court of the State of California, County of Orange, Case No. 30-2019-01120048-CU-WT-CJC (the

"State Court Action").

8. True and correct copies of the Summons and Complaint served on CVS are attached hereto as **Exhibit A.**

9. In his Complaint, Plaintiff alleges the following causes of action: (1) Wrongful Termination in Violation of Public Policy; (2) Wrongful Termination in Violation of FEHA; (3) Failure to Pay Overtime Wages; (4) Failure to Provide Meal and Rest Periods; (5) Failure to Pay Wages Earned at Discharge; (6) Failure to Pay Reasonable Business Expenses; (7) Failure to Provide Itemized Wage Statements; (8) Retaliation in Violation of Labor Code section 1102.5, and; (9) Violation of Business and Professions Code section 17200.

10. On March 13, 2020, Plaintiff served CVS with copies of the Summons and Complaint in the State Court Action. *See* **Exhibit A.**

11. On April 13, 2020, CVS timely filed an Answer to the Complaint. A true and correct copy of CVS's Answer is attached hereto as **Exhibit B.**

12. The Summons, Complaint, and Answer constitute the pleadings, process, and orders served upon or by CVS in the State Court Action.

### III. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND CVS

13. The Complaint, and each alleged cause of action contained therein, may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

#### A. Plaintiff is a Citizen of the State of California

14. Upon information and belief, Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of U.S.C. § 1332(a) -- his place of residence and domicile are, and were, located within the State of California. *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return."); *Lew v. Moss*, 797 F.2d

747, 751 (9th Cir. 1986) (explaining that residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship).

15. For purposes of establishing diversity jurisdiction, allegations of citizenship can be made upon information and belief *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019) ("Cox did not merely allege residency. It alleged that Ehrman and all putative class members were citizens of California. That Cox's notice of removal mentioned Ehrman's residency is immaterial to our analysis. Cox did not have to explain why it believed Ehrman or the putative class members were citizens of California. As we explained, a defendant's allegations of citizenship may be based solely on information and belief. [citations]. Because Cox provided a short and plain statement alleging that Ehrman and the putative class members were citizens of California, its jurisdictional allegations were sufficient—at least in the absence of a factual or as-applied challenge."); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) ("[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged.")

### B. CVS Pharmacy, Inc. is a Citizen of the State of Rhode Island

16. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

17. CVS Pharmacy, Inc. is now, and was at all material times, a corporation duly organized and validly existing under and pursuant to the laws of the State of Rhode Island, with its principal place of business in Woonsocket, Rhode Island. 28 U.S.C. §1332(c); *Hertz Corp.*, 130 S. Ct. at 1192 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities"). CVS Pharmacy, Inc. is now, and was at all material times, headquartered in Woonsocket, Rhode Island. CVS Pharmacy, Inc.'s officers and directors are employees whose offices are located at its headquarters in Woonsocket, Rhode Island. CVS Pharmacy,

Inc.'s high-level officers direct, control, and coordinate the corporation's operations from its headquarters in Woonsocket, Rhode Island. As a result, nearly all of CVS Pharmacy, Inc.'s corporate decisions are made in Rhode Island, including operational, executive, administrative, and policymaking decisions. For this additional reason, CVS Pharmacy, Inc. is a citizen of Rhode Island. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is a citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

18. Therefore, for the purpose of determining jurisdiction, CVS Pharmacy, Inc. was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the State Rhode Island.

### C. **CVS Health Corporation is a Citizen of the States of Delaware and Rhode Island**

19. CVS Health Corporation is a holding company which owns 100% of CVS Pharmacy, Inc.'s stock. CVS Health Corporation was incorporated under the laws of the State of Delaware and remains a Delaware corporation as of the date of this Petition.

20. CVS Health Corporation's principal place of business is located in Woonsocket, Rhode Island. CVS Health Corporation's headquarters, including its principal executive and administrative offices, are located in Woonsocket and have been since before the filing of this lawsuit. The majority of CVS Health Corporation's corporate officers and senior executives whom direct, control and coordinate its operations are also located in its corporate headquarters in Woonsocket, Rhode Island. As a result, nearly all of CVS Health Corporation's corporate decisions are made in Rhode Island, including operational, executive, administrative and policymaking decisions.

21. Therefore, for the purpose of determining jurisdiction, CVS Health Corporation was not (and is not) a citizen of the State of California, but rather, it

1 was (and is) a citizen of the States of Delaware and Rhode Island.

2   22.   "Doe" Defendants fictitiously named, but not served, are not joined in this Petition and Notice of Removal, and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co*. 157 F. 3d 686, 690-691 (9th Cir. 1998).

23.   Accordingly, complete diversity exists between Plaintiff (California) and the CVS defendants (Delaware and Rhode Island).

## IV.   THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

24.   The jurisdictional minimum amount that must be in controversy, $75,000, was satisfied at the time of the filing of this action, and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts … have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

25.   CVS discusses below the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. CVS denies that Plaintiff is entitled to any damages and that Plaintiff will be able to recover on any of her theories of recovery.

26.   In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgement type evidence. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus*

*v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### A. The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to which the Plaintiff Would be Entitled if She Prevails

27. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of her own claims against a single defendant") (internal quotations omitted).

28. Additionally, as the Ninth Circuit has recently clarified, "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414–15.

### B. Plaintiff's Complaint Alleges Damages in Excess of $75,000

29. In his prayer for relief, Plaintiff alleges general damages, special damages, lost earnings, attorneys' fees and costs, unpaid wages, labor code penalties, and puntive damages.

30. Plaintiff began his employment with CVS in October 2007 – at all times during his employment, he was employed at CVS's La Habra, California Distribution Center. **See Bluver decl. at Exh. C.** From November 2015 – November

2016, Plaintiff was employed as an Equipment Operator II and earned an hourly wage of $22.65. ***Id.*** From December 2016 to November 2017, Plaintiff remained an Equipment Operator II, and his hourly wage was $23.20. ***Id.*** From December 2017 until November 2018, Plaintiff was employed as a Pick Operator, and his hourly wage was $23.75. ***Id.*** And from December 2018 until the time of his termination on or about November 29, 2019, Plaintiff remained employed as a Pick Operator, and his hourly wage was $24.30." Plaintiff alleges that "Defendants did not properly pay all overtime wages as required by law [and] Plaintiff routinely worked overtime for defendants, during the applicable statute of limitations." *See* **Exhibit A at ¶ 4.**

31. Accordingly -- assuming that the allegations of the complaint are true and assuming that a jury will return a verdict for the plaintiff on all claims made in the complaint -- Plaintiff incurred the following economic wage-based damages prior to the filing of this Removal Petition:

32. **Unpaid Overtime**: Assuming that Plaintiff worked a minimum of 1 hour of overtime per week for which he alleges non-payment, he has incurred **$9,176.70** in unpaid overtime during the four years preceding his termination (the statute of limitations)[1].

33. **Lost Wages**: Assuming that the allegations of the complaint are true, Plaintiff has lost $972.00 in economic damages per week from the date of his termination ($24.30 per hour * 40 hours per week = $972.00 per week).

34. From the date of his termination until today's date (19.5 weeks) Plaintiff has incurred **$18,954.00** in economic damages ($972.00 * 19.5 weeks = $18,954.00).

35. And the time this case is statistically likely to be resolved at trial

---

[1] ($22.65 * 1.5) * 52) + ($23.20 * 1.5) * 52) + ($23.75 * 1.5) * 52) + ($24.30 * 1.5) * 52).

(December 2021 or 22 months from the date of removal),[2] Plaintiff will incur an additional **$84,564.00** in lost wages. ($972.00 * 87 weeks = $84,564.00).

36. Accordingly, Plaintiff's alleged economic damages *in unpaid overtime and backwages alone* exceed the $75,000 jurisdictional minimum **$9,176.70** + **$18,954.00** + **$84,564.00** = *$112,694.70*).

V. **REMOVAL IS TIMELY**

37. This Petition and Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because this action is being removed within thirty (30) days of the date when CVS received the Summons and Complaint, per 28 U.S.C. § 1446(b)(1); *See* **Exhibit A.**

VI. **CONCLUSION**

38. For the reasons stated above, this Court has jurisdiction under 28 U.S.C. section 1332 because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

39. Accordingly, CVS may remove this action to this Court pursuant to 28 U.S.C. sections 1332 and 1441. CVS respectfully requests that this Court exercise its removal jurisdiction over this action.

---

[2] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Central District of California, the median time from filing a civil action in federal court to final disposition of the action through trial is 22 months. **Bluver decl. at Exh. D.** CVS requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

| | | |
|---|---|---|
| DATED: April 13, 2020 | | PAYNE & FEARS LLP |
| | By: | /s/ Jason I. Bluver |
| | | DANIEL F. FEARS |
| | | ANDREW K. HAEFFELE |
| | | JASON I. BLUVER |

Attorneys for Defendants CVS PHARMACY INC. (also erroneously sued as CAREMARK PHARMACY INC.) and CVS HEALTH CORPORATION (erroneously sued as CVS Health Inc.)

4811-4310-1626.1

# PROOF OF SERVICE

*Derrick Appelzoller v. CVS Pharmacy, et al*
<u>United States District Court Case No.</u> 8:20-cv-00732

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On April 13, 2020, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441** on the interested parties in this action as follows:

| | |
|---|---|
| Timothy J. Donahue, Esq.<br>LAW OFFICES OF TIMOTHY J. DONAHUE<br>374 South Glassell Street<br>Orange, CA 92866<br>Telephone: (714) 289-2445<br>Facsimile: (714) 289-2450<br>E-Mail: tdonahue@attorneydonahue.com | Attorneys for Plaintiff DERRICK APPELZOLLER |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address tshaw@paynefears.com to the person at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[Federal]** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 13, 2020, at Irvine, California.

                                                       /s/ Terri M. Shaw
                                                       Terri M. Shaw

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100